ESTATE OF CORDELIA Y. ABENDROTH, CITY BANK FARMERS TRUST COMPANY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF CORDELIA Y. ABENDROTH, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF KATE READ BLACQUE, CITY BANK FARMERS TRUST COMPANY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF KATE READ BLACQUE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94755, 97857. Promulgated May 17, 1940.

*James D. Ouchterloney, Esq., George H. Craven, Esq.,* and *Earle J. Starkey, Esq.,* for the petitioners.

*E. O. Hanson, Esq.,* and *Benjamin M. Brodsky, Esq.,* for the respondent.

#### OPINION.

OPPER: These proceedings were brought for a redetermination of deficiencies in estate tax. In Docket No. 94755 the amount of the deficiency assailed is $432.83; in Docket No. 97857 the amount is

$13,996.28. The dates of death were October 9, 1936, and April 3, 1937, respectively.

The sole question presented by both cases is whether, upon an election by an executor to exercise the option given in section 302 (j) of the Revenue Act of 1926, as added by section 202 (a) of the Revenue Act of 1935, to value the estate as of a date subsequent to decedent's death, there must be included in the gross estate the income thereon between the date of death and the optional valuation date.

All the facts in both proceedings have been stipulated. They are hereby found accordingly.

The stipulations show that in each case the executors elected upon the return to have the gross estate valued at the optional valuation dates provided by the section referred to. As permitted by that provision, retained assets were valued as of one year after decedent's death, and those disposed of in the interim were valued as of the date of disposition.

Respondent included in the respective gross estates items of income consisting of interest and dividends, collected or accruing between the date of death and the optional valuation date. The deficiency resulting from that adjustment is the subject of this controversy.

The question presented here was considered by the Court of Appeals, Second Circuit, in *Saks* v. *Higgins*, 111 Fed. (2d) 78, and was there answered in the affirmative. On the authority of that decision, respondent's inclusion in the gross estate of the interim estate income is sustained.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

BLACK, dissenting: Undoubtedly the Commissioner in determining the deficiencies in each of these proceedings was following article 11 of Treasury Regulations 80 (1937 Edition). If the provisions of these regulations which require interest earned after decedent's death and ordinary dividends declared and paid after decedent's death to be included in the value of decedent's estate are valid, then, of course, the majority opinion is correct. However, it seems to us that the regulations clearly go beyond the statute. A regulation which goes beyond the statute is invalid and should not be enforced. *Manhattan General Equipment Co.* v. *Commissioner*, 297 U. S. 129, and cases there cited.

Under the terms of section 302 of the Revenue Act of 1926, the value of the property which is to be included in decedent's gross

estate is the value of such property at the time of decedent's death. Subdivision (j), which was added by the Revenue Act of 1935, did not change in the slightest degree the property which was to be included in decedent's estate. It simply postponed the date at which such property was to be valued, if the executor of the estate elected to avail himself of such privilege. Of course, if any particular piece of property increases in value between the date of decedent's death and the date of the postponed valuation, the increase in value must be taken into account, but nevertheless, it is the same property. Interest earned after decedent's death and ordinary dividends declared and paid after decedent's death, are not items of property on hand at decedent's death. They are not items which represent mere increase in value. They are items of property which have been acquired by the estate since decedent's death and are taxable income to the estate. We see nothing in the language of section 302 (j) which would indicate that Congress intended that such items of newly acquired property should be added to decedent's gross estate merely because the valuation date is postponed for one year. A perusal of the statement of the managers on the part of the House which accompanied the Conference Report on the Revenue Bill of 1935 (74th Cong., 1st sess., H. R. 8974, Conference Report No. 1885, pp. 10–11), seems to indicate to the contrary.

We recognize, of course, that the views which we have herein expressed are contrary to *Saks* v. *Higgins*, 111 Fed. (2d) 78, cited in the majority opinion. While we have great respect for the views of the learned court which handed down that decision, we are compelled, for reasons we have already stated, to differ from the majority opinion of that court, and to file our dissent in this proceeding.

VAN FOSSAN, ARNOLD, and HARRON agree with this dissent.